# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FORD ROBIN DOLIN** | : CIVIL ACTION |
| | : |
| | : |
| v. | : |
| | : NO. 15-1528 |
| **CAROLYN W. COLVIN** | : |

## MEMORANDUM

**KEARNEY, J.**                                                                                                **July 8, 2016**

Plaintiff Ford Robin Dolin seeking judicial review under 42 U.S.C. 405(g) of the final decision of the Acting Commissioner of the Social Security Administration, Carolyn W. Colvin denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act. Mr. Dolin moved for summary judgment and we referred the matter to Magistrate Judge Thomas J. Rueter for a Report and Recommendation. The Honorable Thomas J. Rueter's April 21, 2016 Report and Recommendation details the salient facts and cogent reasons to affirm the Social Security Commissioner's February 3, 2015 final decision. Mr. Dolin raises several objections to Judge Rueter's findings. Incorporating and approving Judge Rueter's analysis, we now address our reasons for overruling all of Mr. Dolin's detailed objections to Judge Rueter's Report, denying Mr. Dolin's request and affirming the Commissioner's finding of a lack of disability based on substantial evidence.

Our review of the Administrative Law Judge's ("ALJ") decision is deferential, bound by her findings of fact if they are supported by substantial evidence in the record.[1] Our review is limited to determining whether there is substantial evidence to support her decision.[2] Substantial evidence is "more than a mere scintilla" and "such relevant evidence as a reasonable mind might

accept as adequate."[3] "[E]ven if the record could support a contrary conclusion, an ALJ's decision will not be overruled so long as there is substantial evidence to support it."[4] We consider Mr. Dolin's objections to Judge Rueter's Report and Recommendation ("R&R") in turn. We now conduct a *de novo* review of Mr. Dolin's objections.[5]

### *Treating Physicians' Opinions*

Mr. Dolin objects to Judge Rueter's finding the ALJ properly rejected the clinical findings of treating psychiatrist Dr. DeMichele and treating psychologist Dr. Hutchings, while giving substantial weight to the non-examining state reviewer, Dr. Vizza. Dolin argues the ALJ failed to discuss or even mention the clinical findings of Drs. DeMichele and Hutchings, including Dr. DeMichele's clinical observation of psychomotor retardation, slow speech, depressed anxious mood, and dysphoric anxious flat affect and Dr. Hutchings' similar findings in a mental status exam.

Mr. Dolin makes numerous objections to Judge Rueter's analysis in determining the ALJ provided legitimate reasons for discounting the opinions of his treating providers. He objects to Judge Rueter's finding: there is no requirement the ALJ "discuss in its opinion every tidbit of evidence included in the record"; form reports where a physician checks a box or fills in blanks is "weak evidence at best"; and Judge Rueter's "suggestion" in a footnote courts acknowledge a treating physician may "be leaning over backwards" to support a patient's application for disability where the opinion is not supported by the evidence. Mr. Dolin further objects to Judge Rueter's characterization of his position regarding the opinions of Drs. DeMichele and Hutchings. Dolin clarifies he is ***not*** arguing for controlling weight, but Dr. DeMichele's opinions are entitled to deference under the factors of 20 C.F.R. § 404.1527(c). We disagree with Mr. Dolin's arguments.

A treating physician's opinion is given controlling weight where it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record . . .."[6] The ALJ "may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, but may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided."[7] The ALJ may not make speculative inferences from medical reports; substitute her own expertise for that of a physician who presents competent medical evidence; and, when a conflict in the medical evidence exists, may not "reject evidence for no reason or the wrong reason" and must consider all evidence and give some reason for discounting rejected evidence.[8]

Here, the ALJ gave legitimate reasons for discounting the opinions of Drs. DeMichele and Hutchings. Judge Rueter found the ALJ accepted Dolin's bipolar disorder and deemed it a severe impairment and noted the absence of a manic episode since the alleged disability onset date of November 4, 2010. The ALJ explained while Dr. DeMichele indicated Dolin "has marked difficulty with activities of daily living, social functioning and maintaining concentration, persistence, or pace; and that he has had 3 or more episodes of decompensation," Dr. DeMichele's also consistently found Dolin well-groomed and oriented, intact insight, good judgment, linear and logical though processes, and normal member, attention, and concentration.[9] Dr. DeMichele's October 30, 2013 report notes "by history, not currently" when assessment manic syndrome characterized by "easy distractibility" or "involvement in activities that have a high probability of painful consequences which are not recognized."[10] The ALJ explained her reasoning for discounting Dr. Hutchings' opinion, including Dr. Hutchings'

3

statement "having just met Mr. Dolin, it would be difficult for me to fill out the packet of information" and providing a "preliminary summary" of his impression.[11]

Mr. Dolin objects to Judge Rueter's finding the ALJ properly relied on the opinions of Dr. Vizza, a non-treating and non-examining physician. Dr. Vizza had Dr. DeMichele's records, but did not discuss or distinguish them but the same time discussed Dr. Elinow's assessment as a non-treating physician. Mr. Dolin objects to Dr. Vizza's assessment as not explaining or distinguishing Dr. DeMichele's records. The ALJ may choose to accept the opinion of a non-treating non-examining physician as long as she does not ignore the findings of the supporting or treating physician's opinion and there is medical evidence contradicting the treating physician's opinion.[12] The ALJ explained her reasons for giving greater weight to Dr. Vizza's assessment over the treating physician's assessment, thus meeting our standard.

Mr. Dolin objects to Judge Rueter concluding the ALJ incorporated limitations identified by Dr. Vizza. The ALJ restricted her residual functional capacity ("RFC") finding it appropriate to limit Dolin to "performing simple, repetitive work without an assembly line; without a mandated team; no public contact; work performed not in close proximity to co-workers, with no dangerous machine or unprotected heights; with no other exertional, postural, manipulative or environment limits." Judge Rueter cited Dr. Vizza's explanation and appropriate case law. The ALJ's limitations in the RFC are proper restricting Mr. Dolin to work not requiring public contact or working in teams but limited to simple repetitive tasks not requiring assembly line production accounts for Mr. Dolin's deficiencies in concentration, persistence and pace.

Mr. Dolin objects to Judge Rueter's reference to Dr. Elinow's report to support the ALJ's findings. Dolin objects to reliance on Dr. Elinow, who examined Dolin only once, rather than on Dr. DeMichele's findings from treatment over ten (10) years. The ALJ gave "appropriate

weight" to Dr. Elinow's opinion "to the extent that it is consistent with" her RFC. Describing Dolin's affect as "blunted initially during the assessment" and self-described as "a little bit low," Dr. Elinow assessed Dolin as appropriately dressed and groomed, no unusual psychomotor activity, appropriate speech, appropriate thought processes, no unusual thoughts, average attention span and concentration, intellectual functioning within average to bright average range, intact memory, and oriented.[13] The ALJ explained Dr. Elinow's opinion during periods of remission, Dolin is able to interact appropriately with the public, interact with supervisors and co-workers, and respond appropriately to work pressures in a usual work setting and to changes in a routine work setting, but would have moderate difficulty in these categories during manic attacks.[14]  Judge Rueter additionally noted the April and May 2013 treatment notes of Joseph Wright, Ph.D. finding Dolin well-groomed, appropriate appearance, no abnormal motor activity, normal speech, linear, logical thought process, alert and fully oriented, normal memory, attention and concentration, good insight, and intact judgment, and no recent manic symptoms.[15]

Mr. Dolin objects to Judge Rueter's finding Mr. Dolin's activities of daily living ("ADL") shows he is able to tolerate the stress of working.  Dr. DeMichele concluded Mr. Dolin would find certain work demands stressful and Mr. Dolin objects to Judge Reuter finding caring for a granddaughter in January 2013 indicates he can work. We can consider Mr. Dolin's ADL to assess severity of his mental impartments and we are permitted to consider them to evaluate the credibility of Mr. Dolin's subjective complaints of pain and other symptoms.  The ALJ used Mr. Dolin's ability to perform ADL's and care for granddaughter as evidence inconsistent with testimony he had been falling asleep in public for a year. The ALJ did not use this evidence to contradict treating physicians.

We find substantial evidence to support the ALJ's findings as explained by Judge Rueter and overrule Mr. Dolin's objections relating to the weight given to medical evidence.

### *GAF Scores*

Mr. Dolin objects to Judge Reuter's conclusion the ALJ did not err in failing to address a Global Assessment Functioning ("GAF") score of fifty (50) from Drs. DeMichele and Hutchings but instead relied on GAF score of sixty (60). There is no "bright-line rule" requiring us to remand a case solely because the ALJ failed to address a GAF score.[16] The critical question is "whether the ALJ 'conduct[ed] a thorough analysis of the medical evidence regarding plaintiff's mental impartments,'…such that the ALJ properly 'addressed the issues on which plaintiff's GAF scores are based.'"[17] Judge Rueter recognizes a split in District Court cases within the Circuit with some judges finding the ALJ's failure to discuss and evaluate GAF scores does not require remand and other finding failure constitutes error in requiring remand. We follow Judge Robreno's recent opinions in *Nixon* and *Miller* and Judge Sanchez's recent opinion in *White v. Colvin*[18] confirming a failure to discuss a GAF does not require remand as a bright-line rule. Judge Rueter concluded the ALJ discussed underlying records in which the GAF scores were found from Drs. DeMichele and Hutchings and explained discounting their opinions. Judge Rueter further found the ALJ's reference to a sixty (60) GAF score illustrated a time when Mr. Dolin complied with his medical treatment resulting in his improvement in functioning. We overrule Dolin's objection relating to the GAF scores and approve and adopt the R&R.

### *Hypothetical to the Vocational Expert*

Mr. Dolin objects to Judge Rueter's conclusion the ALJ adequately accommodated her own findings in the hypothetical question posed to the vocational expert ("VE"). Dolin argues Judge Rueter erred in distinguishing *Ramirez v. Barnhart*[19] and relying instead on non-

precedential opinions such as *McDonald v. Astrue*.[20] In *Ramirez*, our Court of Appeals held a limitation "to one to two step tasks" in a hypothetical "does not adequately encompass a finding that [claimant] 'often' has 'deficiencies in concentration, persistence, or pace' . . . ."[21] A hypothetical posed to a VE "must reflect *all* of claimant's impairments . . . ."[22]

Here, the ALJ found Mr. Dolin is "limited to performing simple, repetitive work without an assembly line, without a mandated team, no public contact, work performed not in close proximity to co-workers, with no dangerous machine or unprotected heights, with no other exertional, postural, manipulative or environment limits." The ALJ then asked a hypothetical to the VE included "simple, repetitive work without assembly lines, without mandated teams, with no public contact, performed not in close proximity to co-workers, but no dangerous machinery or no unprotected heights,,,,with no other exertional postural, manipulative, or environmental limits."[23] Dolin objects the hypothetical did not account for his moderate limitations with regard to concentration, persistence or pace as found by Dr. Vizza, the non-examining consultant whose opinion the ALJ accorded substantial weight.[24]

In his analysis, Judge Rueter discussed several non-precedential opinions from our Court of Appeals and opinions from courts in this district finding an RFC limiting a claimant to simple, routine tasks accommodates moderate limitations in concentration, persistence, and pace. Judge Rueter also noted district court cases holding otherwise. Judge Rueter distinguished Dolin's case from *Ramirez*, citing the ALJ concluding Dolin experienced "moderate" restrictions in concentration, persistence, and pace, not "often" as in *Ramirez*. Mr. Dolin objects to Judge Rueter's citation to cases and his "conclusion that the change in nomenclature from 'often' to 'moderate' undermines the Court's holding in *Ramirez*."

7

We do not read Judge Rueter's R&R as undermining *Ramirez*. We rest on the bedrock of accuracy required by *Ramirez*. The nomenclature distinction between "often" and "moderate", if any, does not affect our analysis here on whether the ALJ's hypothetical included Mr. Dolin's credibly established limitations, including concentration, persistence and pace. The issue is whether the ALJ failed to include all of Dolin's credibly established limitations in the hypothetical question to the VE.[25] The ALJ found Dolin limited to performing simple, repetitive work without assembly lines, mandated teams, public contact and without proximity to co-workers, dangerous machinery and unprotected heights and included these limitations in the hypothetical question posed to the VE. The ALJ need not specifically mention the words concentration, persistence and pace. Asking a hypothetical equating assembly line work with limitations in concentration, pace and persistence alone is accurate under *Ramirez*. The ALJ is afforded substantial guidance in this Circuit from several precedential judicial opinions. The VE's answer to the hypothetical confirms the ALJ's finding of substantial evidence: "There are cleaner/housekeeper positions that would meet that criteria…such as office cleaners…washer of agricultural produce… laundry workers…medium packers, for example, packer of produce… at a medium exertional level."[26] We cannot discern the difference between a produce packer and an assembly line worker as it relates to limitations in concentration, persistence and pace. The hypothetical adequately accounted for the limitations on concentration, persistence and pace.

### *Consideration of New Evidence*

Mr. Dolin objects to Judge Rueter's finding new evidence of obesity and lower back pain is immaterial. Judge Rueter properly found evidence must be new and good cause shown for failure to incorporate into record of prior proceeding. Judge Rueter found medical records reflecting obesity and lower back pain from January through March 2014 to be new, but not

material, because the records do not relate to the time period before November 18, 2013, the date of the ALJ's decision. Judge Rueter further found, and the record reflects, Dolin's application for benefits does not allege physical impairments and neither he nor his counsel alleged physical limitations at the administrative hearing.[27] The Appeals Council advised Dolin he could file a new claim for benefits based on disability after November 18, 2013. We adopt and approve Judge Rueter's R&R on this point and overrule Dolin's objection.

---

[1] *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000) (citing *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999)).

[2] *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).

[3] *Gross v. Comm'r. Soc. Sec.*, 2016 WL 3553259, at *3 (3d Cir. June 30, 2016) (quoting *Plummer*, 186 F.3d at 427)).

[4] *Zerr v. Colvin*, No. 14-4428, 2016 WL 1658316, at *1 (E.D. Pa. Apr. 27, 2016) (citing *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 118 (3d Cir. 2000)).

[5] *Drelling v. Colvin*, No. 14-2211, 2016 WL 245288, *1 (E.D.Pa. Jan. 20, 2016)(citing 28 U.S.C. § 636 (b)(1)).

[6] 20 C.F.R. § 404.1527(c)(2).

[7] *Plummer*,186 F.3d at 429 (citing *Newhouse v. Heckler*, 753 F.2d 283, 286 (3d Cir.1985)).

[8] *Id.* (quoting *Mason v. Shalala*, 994 F.2d 1058, 1066 (3d Cir. 1993)) (additional citations omitted).

[9] *See* Record at 3F. For example, in Progress Notes after the alleged disability onset date of November 4, 2010, Dr. DeMichele noted Dolin's appearance as "well-groomed, appropriate," normal speech, "alert/fully oriented" orientation, intact insight, "linear, logical" thought processes, normal memory and attention and concentration and good judgment. *See* Record at 425, 427, 429, 431, 435, 437, 439, 441, 443, 476, 478, 480, 482, 484, 486, 488, 490.

[10] Record at 518.

[11] Record at 492.

[12] *Brown v. Astrue*, 649 F.3d 193, 196 (3d Cir. 2011) (citing *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000)).

[13] Record at 456-57.

[14] Record at 459.

[15] Record at 465-66.

[16] *Miller v. Colvin*, No. 14-6378, 2016 WL 3450159, at *6 (E.D. Pa. June 16, 2016) (quoting *Nixon v. Colvin*, No. 14-4322, 2016 WL 3181853, at *3 (E.D. Pa. June 7, 2016)).

[17] *Id.*

[18] No. 13-4793, 2016 WL 1221428 (E.D.Pa. Mar. 29, 2016).

[19] 372 F.3d 546 (3d Cir. 2004).

[20] 293 F.App'x 941 (3d Cir. 2008).

[21] *Ramirez*, 372 F.3d at 554.

[22] *Id.* (quoting *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987)) (emphasis in original).

[23] Record at 106.

[24] Dolin additionally argues Judge Rueter erred because Dr. DeMichele found him "unable to meet competitive standards regarding performing at a consistent pace," and noted "his symptoms include difficulty thinking or concentrating and psychomotor retardation." To the extent this is a challenge to the ALJ's decision to reject Dr. DeMichele's opinion, we addressed this challenge in the preceding analysis.

[25] *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005). *See also Drelling*, 2016 WL 245288, at *6-*8.

[26] Record at 107.

[27] Record at 88-110, 209.